# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00594-RJC-DSC

| | |
|---|---|
| **KIM ROSAS et. al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **AMANDA HEARN et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Plaintiffs' Motion to Remand" (document #3) and "Defendants' Motion to Dismiss …" (document #7), as well as the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and these Motions are ripe for disposition.

In their "Motion for Extension of Time to Answer …" (document #13), Defendants represent that they agreed to withdraw their Motion to Dismiss in exchange for Plaintiffs' consent to the extension of time. On December 13, 2019, the Court <u>granted</u> the extension. Accordingly, "Defendants' Motion to Dismiss …" (document #7) is administratively <u>denied as moot</u> without prejudice.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiffs' Motion to Remand be <u>denied</u> as discussed below.

# I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 28, 2019, Plaintiffs filed their verified Complaint in Mecklenburg County Superior Court. Plaintiffs are North Carolina citizens and Defendants are citizens of Ohio. Plaintiffs assert eleven claims for relief. Six of the claims seek injunctive and declaratory relief concerning an alleged partnership, including an accounting, dissolution and winding up. In their claims for breach of partnership agreement, breach of fiduciary duty, conversion, and constructive fraud, Plaintiffs allege that they are entitled to recover "in excess of $25,000" for each claim. Document #1-3. Plaintiffs assert a claim for unfair and deceptive trade practices seeking treble damages and attorneys' fees. Plaintiffs also seek punitive damages.

On November 5, 2019, Defendants removed the state court action to the United States District Court for the Western District of North Carolina alleging diversity subject matter jurisdiction.

On November 6, 2019, Plaintiffs filed their Motion to Remand arguing that "Defendants' removal cannot be based solely upon the boilerplate jurisdictional prayer … for damages 'in excess of $25,000.'" Plaintiffs' "Memorandum …" at 2 (document #4).

# II. DISCUSSION

The existence of subject matter jurisdiction is a threshold issue. When a removed case lacks a proper basis for subject matter jurisdiction, it must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S.

Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004). Any doubts about removal must be resolved in favor of remand. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary") (citations omitted); Griffin v. Holmes, 843 F. Supp. 81, 84 (E.D.N.C. 1993); Storr Office Supply v. Radar Business Systems, 832 F. Supp. 154, 156 (E.D.N.C. 1993).

A defendant may remove a case to federal district court if the court has original jurisdiction. 28 U.S.C. § 1441; Dixon v. Coburg Dairy, 369 F.3d 811, 816 (4th Cir. 2004). A case falls within a district court's diversity jurisdiction only if diversity of citizenship among the parties is complete and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990); Strawbridge v. Curtiss, 3 Cranch 267 (1806). It is undisputed that there is complete diversity of citizenship between Plaintiffs and Defendants.

When jurisdiction is predicated upon diversity of citizenship and the complaint does not allege a specific amount of damages but instead seeks "in excess" of a certain dollar amount, the party asserting jurisdiction must prove by a preponderance of the evidence that the amount in controversy requirement has been met. 28 U.S.C. §1446(c)(2)(A); Momin v. Maggiemoo's

International L.L.C., 205 F. Supp. 2d 506, 509 (D. Md. 2002); Gwyn v. Wal-mart Stores, 955 F. Supp. 44, 46 (M.D.N.C. 1996).

The amount in controversy is evaluated as of the time the complaint is filed. Once the amount in controversy is met, subsequent events cannot reduce the amount to defeat jurisdiction. Griffin v. Red Run Lodge, Inc., 610 F.2d 1198, 1204-05 (4th Cir. 1979) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-93 (1938) (subsequent determination that one of plaintiff's claims was meritless did not destroy jurisdiction even though remaining claims appeared not to meet amount in controversy)).

When a plaintiff's claims arise from a single controversy, it is appropriate to aggregate those claims to meet the jurisdictional amount. Griffin, 610 F.2d at 1204. The district court should also consider attorneys' fees that the defendant might be ordered to pay. Momin, 205 F. Supp. 2d at 509 (if state statute that is basis for plaintiff's underlying claim provides for recovery of attorneys' fees, such fees are included in the amount in controversy). The Fourth Circuit has also held that the cost to defendant of complying with an order for specific performance should be considered in determining the amount in controversy. Griffin, 610 F.2d at 1204-05.

Applying those legal principles to the record here, Defendants have met their burden of establishing the requisite amount in controversy at the time the Complaint was filed. Plaintiffs' aggregated damages claims seek more than the jurisdictional amount. Plaintiffs also seek treble and punitive damages plus attorneys' fees. Finally, the cost of complying with declaratory and injunctive relief including an accounting, dissolution and winding up could be significant. For those reasons, the undersigned respectfully recommends that Plaintiffs' Motion to Remand be denied.

## III. ORDER

"Defendants' Motion to Dismiss …" (document #7) is **ADMINISTRATIVELY DENIED AS MOOT** without prejudice.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Plaintiffs' Motion to Remand" (document #3) be **DENIED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties, including but not limited to moving counsel, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: December 17, 2019

David S. Cayer
United States Magistrate Judge